UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CARL SAHM,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,[1]<br><br>Respondent. | No.  2:20-cv-1941 DB<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief in relation to his 1988 murder convictions. Presently before the court is the petition for screening. For the reasons set forth below, petitioner will be directed to either pay the filing fee or request to proceed in forma pauperis and to amend the petition.

////

////

---

[1] Petitioner has improperly named as respondent the California Department of Corrections and Rehabilitation ("CDCR"). A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. Caliofrnia Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). In any amended petition, petitioner should name as respondent the warden at the institution where he is presently housed.

1

**IN FORMA PAUPERIS**

Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

**SCREENING**

**I.      Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled

////

to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

## II. The Petition

The petition does not contain clearly specified grounds for relief. Petitioner indicates that he is challenging his two 1988 murder convictions, but also states he is "appealing the 14th Amendment civil rights to the [Board of Parole Hearings (BPH)] to be released from prison." (ECF No. 1 at 3.) Petitioner also refers to "pain and suffering from not having pain medication sufficient enough at the BPH to stop capit[a]l punishment" and of "being in a wheelchair with no pain medication to stop the pain at the BPH." He also states he would like to receive an MRI to determine why he is in so much pain. Petitioner further complains about how his administrative grievance has been handled. (Id. at 3.)

## III. Discussion

### A. Habeas Claims Must Impact the Fact or Duration of Confinement

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, [pursuant to] 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad, 540 U.S. at 750.

"[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[T[he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484.

To the extent petitioner's claim is based on his allegation that his pain has not been adequately treated, such a claim does not have any impact on the length of his incarceration and is therefore outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011) (Any claim that does not necessarily shorten an inmate's incarceration, if

3

successful, falls outside the scope of habeas jurisdiction.).  Because petitioner's claim will not have any impact on the duration of his sentence it falls outside the scope of habeas jurisdiction and should not be presented in any amended petition.  Petitioner may file a separate civil rights action if he wishes to pursue his allegation that his pain has not been properly treated.

### B.  This Court Cannot Overturn BPH Decision

Petitioner refers to a decision of the BPH in his petition.  (ECF No. 1 at 3.)  It appears that he may be seeking to challenge a decision by the BPH to deny him parole.

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. See Swarthout v. Cooke, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 220-21. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of reasons why parole was denied. Id. at 221; Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

The Supreme Court has acknowledged that Ninth Circuit's determination that California law governing parole creates a cognizable liberty interest for purposes of analyzing a due process claim is a "reasonable application of [Supreme Court] cases," but the Court emphasized that any such liberty interest is "a state interest created by California law." Swarthout, 562 U.S. at 219-20 (emphasis in original).  Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. (Id. at 221; Greenholtz, 442 U.S. at 16.)

The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Swarthout, 562 U.S. at 221; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process

right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 220. Thus, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Swarthout, 562 U.S. at 220-21. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 221. In other words, Swarthout foreclosed claims alleging that findings of parole suitability were not supported by sufficient evidence.

Accordingly, petitioner cannot contest a denial of parole in federal court. Swarthout v. Cooke, 562 U.S. 216, 219-22 (2011) (a federal court's review of a parole denial is limited to a determination regarding due process procedures rather than whether the decision was correct). This court may only grant habeas relief if petitioner can show that BPH failed to provide him with an opportunity to be heard or a statement of reasons for the denial.

### C. Failure to Exhaust

Petitioner indicates that he has not sought review of the issues presented in the petition in the California Supreme Court. (ECF No. 1 at 5.)

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petition challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for

review or post-conviction in a petition for writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied.  See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Petitioner is advised that if the claims in the petition have not been exhausted the court will have to dismiss the petition without prejudice for failure to exhaust state court remedies.  If petitioner amends the petition, he should make clear whether he has presented the issues in the petition to the California Supreme Court.  If petitioner has not exhausted, he should voluntarily dismiss the petition and refile only after he has presented his claims to the California Supreme Court.

**IV.     Amending the Petition**

As set forth above, the petition does not show that petitioner is entitled to relief. However, the court will grant petitioner the opportunity to file an amended petition.  Petitioner is advised that the court cannot look to his original petition to make his amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner filed an amended petition, the original petition no longer serves any function in the case.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

3. The petition (ECF No. 1) is dismissed with leave to amend.

4. Within sixty (60) days of the date of this order petitioner shall file an amended petition.

////

////

6

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  January 21, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/sahm1941.scrn+1010a